IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARICA SIMPSON                          :

                                    :

    v.                              :   Civil Action No. DKC 25-1437

                                    :

AFLAC INSURANCE COMPANY                 :

                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is the motion to dismiss the complaint and strike the jury demand filed by Defendant Aflac Insurance Company[1] ("Defendant" or "Aflac"). (ECF No. 7). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied, although the complaint will be dismissed without prejudice, and the court will grant plaintiff a chance to amend her complaint in light of this opinion. Defendant's motion to strike the jury demand will be denied as moot.

I.   **Background**

*Pro se* Plaintiff Marica Simpson ("Plaintiff" or "Simpson") alleges that she was due a reimbursement of a "$30,000 loss"

---

[1] Aflac Insurance Company is not a valid legal entity. As discussed further below, Defendant states that the correct entity is Continental American Insurance Company, which is a wholly owned subsidiary of Aflac Incorporated. (ECF No. 2, at 1).

suffered on or about June 1, 2024.  (ECF No. 4, at 1).  According
to Defendant, Simpson appears to be seeking "the refund of premiums
paid under a group whole life insurance policy . . . issued by
Continental American Insurance Company to Plaintiff's employer,
Alamance Health Care Center dba Vita Healthcare Group."  (ECF No.
7-1, at 1).  Plaintiff alleges that Defendant promised to provide
her money on or before December 15, 2024, but she has not received
a reimbursement.  (ECF No. 4, at 1).  As further information, she
provides the following:

> My employee contacted, the insurance
> company and was promised that a check would
> mail out but to no avail the insurance
> requested for a signature which they claim
> that sign the document but there was no
> signature or consent that was made by me.
> [E]ven so the insurance refused to reimburse
> me the money that was deducted from my
> paycheck.

(*Id.*).[2]  She filed a complaint against Aflac Insurance Company in
the Circuit Court for Prince George's County on February 21, 2025.
(*Id.*).  Defendant removed the case to this court on May 5, 2025,
asserting federal question jurisdiction under the Employee
Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§
1100-1461.  (ECF No. 1, at 1, 2).  Defendant filed a motion to

---

[2] The complaint states "my employee contacted[] the insurance
company," (ECF No. 4, at 1), which appears to be a typo.  From the
context of the rest of the complaint and the materials filed by
the Defendant, it seems that Plaintiff's employer, not employee,
contacted the insurance company.

dismiss the complaint and to strike the jury demand on May 12, 2025.  (ECF No. 7).  On May 20, 2025, Plaintiff filed correspondence with the court requesting a "deferred ruling of dismissal of the pending settlement case." (ECF No. 12).  The court construed the correspondence as a motion for extension of time and granted the Plaintiff an extension until July 7, 2025, to file a response to Defendant's motion.  (ECF No. 13, at 2).  Plaintiff did not file a response and has not filed anything additional in this court.

## II. Analysis

Defendant has moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(5) for insufficient service of process, and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF No. 7, at 1).  Defendant also moves to strike plaintiff's request for a jury trial under Fed.R.Civ.P. 39(a).  (*Id.*).

### A.  Service of Process

Fed.R.Civ.P. 12(b)(5) governs motions to dismiss for insufficient service.  In a motion to dismiss under Rule 12(b)(5), the plaintiff bears the burden of establishing the validity of service under Fed.R.Civ.P. 4.  *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006).  "Generally, when service of process gives the defendant actual notice of the pending action, the courts may

construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.*

Fed.R.Civ.P. 4(h) governs service of process on a corporation such as Defendant. As relevant here, corporations can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). According to the sheriff's return filed in the state court proceeding, the complaint was served on "Bertha Hughley" of "Aflac Ins. Co." (ECF No. 1-3, at 3). Defendant argues "[s]ervice was improper and insufficient because 'Bertha Hughley' is not an officer or agent authorized, by appointment or law, to receive service of process on behalf of 'Aflac Insurance Company.'" (ECF No. 7-1, at 9). Plaintiff does not counter with any additional information.

Although the failure to ensure proper service is uncontested, this is not a fatal flaw. "[Defendant] has not been prejudiced by the insufficient service" and "the case is in its infancy." *Harris v. Johns Hopkins Health Sys. Corp.*, No. 23-cv-701-ELH, 2023 WL 3624733, at *3 (D.Md. May 23, 2023). When service is improper, the appropriate consequence is to quash service and not to dismiss the complaint on that basis. The motion to dismiss for failure to serve will be denied. The Plaintiff is reminded that she must

4

follow the requirements of Rule 4(h) when serving any amended complaint on Defendant.

### B.    12(b)(6): Proper Entity

Defendant also argues the case should be dismissed under Rule 12(b)(6) because "Aflac Insurance Company" is "not the insurer and not a corporate entity capable of being sued." (ECF No. 7-1, at 5). It is undisputed that the policy "identifies Continental American Insurance Company as the insurance company that issued the Policy to Alamance Health Care Center dba Vita Healthcare Group," and the policy is a "legal contract between Continental American and the Policyholder." (*Id.*). The confusion may come from the fact that "Aflac" is a "registered service mark licensed for use by insurance company subsidiaries of Aflac Incorporated, including Continental American Insurance Company[,]" (*Id.* at 2), and the top of the policy document says "Aflac," (ECF No. 7-2, at 1).

Trade names are "not jural persons and cannot sue or be sued." *Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 10-cv-01834-AW, 2011 WL 13078022, at *1 (D.Md. Jan. 18, 2011) (quoting *Frison v. Ryan Homes*, No. 04-cv-350-AW, 2004 WL 3327904, at *3 (D.Md. Oct. 29, 2004)). Defendant has maintained since the beginning that the proper defendant is Continental American Insurance Company. (*See* ECF Nos. 2, at 1 n.1 ("The proper defendant should be Continental

American Insurance Company."); 7, at 1 n.1 (same)). Plaintiff has not sought leave to amend nor substituted the proper Defendant despite this notice. The court need not dismiss the complaint, however, because of this mistake. *See Riverkeeper,* 2011 WL 13078022, at *1 ("[T]he Court finds it senseless to dismiss without prejudice and further delay resolution of issues that must be addressed eventually."). Given the latitude granted to *pro se* plaintiffs, and the proper defendant's participation in this litigation, the court declines to dismiss the complaint based solely on this mistake. The motion to dismiss is denied on this ground.

### C. Preemption and ERISA claims

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)). A complaint must only satisfy Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299-300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff in this case is *pro se*. Courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court has an obligation to construe pleadings of self-represented litigants liberally. *Id*. It is not necessary, however, to "conjure up questions never squarely presented," or to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The court first notes that Defendant has attached an "Endorsement to Policy and Certificate of Insurance" to its motion to dismiss, (ECF No. 7-2).

>Although, as a general rule, evidence extrinsic to the Complaint should not be considered at the Rule 12(b)(6) stage, the [United States Court of Appeals for the] Fourth Circuit has held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity."

*Gordon v. CIGNA Corp.*, No. 17-cv-2835-GJH, 2018 WL 3375099, at *2 (D.Md. July 11, 2018) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Plaintiff has not challenged the authenticity of the document, and the existence of a contractual relationship underpins Plaintiff's breach of contract claim. (ECF No. 4). The court will consider the policy document. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) ("Because [plaintiff] relies on the agreement in her complaint, it was proper for the district court to consider it in ruling on the motion to dismiss.").

### 1.   12(b)(6): ERISA Preemption

Defendant makes a substantive argument for dismissal under Rule 12(b)(6), saying that ERISA preempts Plaintiff's state law breach of contract claim. (ECF No. 7-1, at 6-8). Defendant misunderstands the impact of preemption under ERISA's civil

enforcement mechanism.  ERISA § 502, codified at 29 U.S.C. § 1132,[3] transforms a state law claim into a federal claim and provides a basis for removal but does not automatically lead to dismissal.[4] Rather, Plaintiff will be given an opportunity to amend her complaint if she wishes to proceed with an ERISA claim.

The first issue is whether the relationship at issue falls within ERISA's scope.  The term "employee benefit plan" encompasses, among other things:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in

---

[3] The court will follow the practice in this circuit and refer to the "statutory provisions by their ERISA designation, not by their place in the U.S. Code." *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 494 n.2 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1346 (2024).

[4] A different provision, ERISA § 514 (codified at 29 U.S.C. § 1144), "precludes prosecution of the preempted state-law claim." *Risdorfer v. Ascentage Pharma Grp. Inc.,* No. 23-cv-987-ELH, 2023 WL 4664036, at *11 (D.Md. July 19, 2023) (quoting *Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003)).  "[I]f a state-law claim preempted by § 514 is not included within the scope of § 502(a), the claim is susceptible to a § 514 defense, whether it is brought in State or federal court.  But if a state-law claim falls within the scope of § 502(a), it is 'completely preempted' and therefore treated as a federal cause of action." *Marks*, 322 F.3d at 322-23.  Defendant only argues that ERISA § 502 preempts Plaintiff's claim.

> the event of sickness, accident, disability,
> death or unemployment[.]

ERISA § 3(1), (3), 29 U.S.C. § 1002(1), (3). While Plaintiff does not refer specifically to an "employee benefit plan" in her complaint, that is not dispositive. *Risdorfer v. Ascentage Pharma Grp. Inc.*, No. 23-cv-987-ELH, 2023 WL 4664036, at *14 (D.Md. July 19, 2023) (finding that a complaint which "makes no reference to an 'employee benefit plan'" has nevertheless "alleged facts supporting a plausible inference that the [agreements] are regulated or governed by ERISA"). Plaintiff's complaint seeks reimbursement from her insurance company of money deducted from her paycheck, and notes that her employer contacted the insurance company on her behalf. (ECF No. 4, at 1). From the facts alleged in the complaint, there is enough information to assume that the agreement is an employee benefit plan within the ambit of ERISA.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health v. Davila*, 542 U.S. 200, 208 (2004). ERISA includes a civil enforcement remedy which allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B). This enforcement remedy is comprehensive; "any state-law cause of action that duplicates, supplements, or

supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.  This does not mean that a case bringing a state law claim preempted by the ERISA civil enforcement remedy must be dismissed.  Rather, "it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

The Fourth Circuit follows a three-prong test to determine if a particular state law claim is completely preempted by ERISA § 502:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

*Prince v. Sears Holding Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003)).  As to the first prong, "the only parties entitled to pursue an ERISA claim under § 502(a)(3) are 'participants,' 'beneficiaries,' and 'fiduciaries.'"  *Sonoco*, 338 at 372.  While Plaintiff's complaint does not include much detail, Plaintiff states she is seeking a reimbursement of "the money that

was deducted from [her] paycheck." (ECF No. 4, at 1).  In relevant part, ERISA defines a participant as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." ERISA § 3(7).  From the face of the complaint, it appears that Plaintiff is a participant in her employer's plan, granting her standing to pursue a claim under ERISA § 502.  The second and third prongs are both met by Plaintiff's breach of contract action.

> Because the contract in question is an ERISA plan, this claim is clearly preempted.  ERISA § 502 permits plan participants to bring an action to "enforce [the participant's] rights under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Accordingly, an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502[.]

*Darcangelo*, 292 F.3d at 194-195.  Plaintiff brought a state law claim – breach of contract – regarding her benefits under an employee benefit plan.  This claim is clearly preempted by ERISA's civil enforcement remedy.

While the claim is preempted, Defendant's argument that preemption pursuant to § 502 automatically leads to dismissal is incorrect.  The Fourth Circuit confronted a similar situation in *Darcangelo*:

12

> Nevertheless, when a claim under state law is
> completely preempted and is removed to federal
> court because it falls within the scope of §
> 502, the federal court should not dismiss the
> claim as preempted, but should treat it as a
> federal claim under § 502.  What was a state
> claim for breach of contract becomes a federal
> claim for the enforcement of contractual
> rights under § 502(a)(1)(B).

*Id.* at 195.  Defendant only moved to dismiss based on preemption;

it did not make any additional substantive arguments under Rule

12(b)(6).  Plaintiff did not respond to the motion.  Accordingly,

Defendant's motion to dismiss is denied.

### 2.   Analysis of the ERISA Claim

Regardless, the court will consider whether Plaintiff stated

a claim under ERISA § 502, even though Defendant did not make the

argument.  The court confronted an analogous procedural situation

in *Verbal v. Giant of Md., LLC*, 204 F.Supp.3d 837 (D.Md. 2016).

In *Verbal*, the plaintiff brought a state law claim that the court

found to be preempted by the Labor Management Relations Act

("LMRA").  *Id.* at 844.  After finding preemption, the court asked

"whether Plaintiff has stated a § 301 claim under the LMRA," even

though "Defendant did not move to dismiss for failure to state a

§ 301 claim." *Id.* at 845. After determining that the plaintiff had

failed to state a claim under the LMRA, the court laid out the

proper way forward:

> Plaintiff therefore has not stated a § 301
> claim upon which relief can be granted, but it

13

> is not clear that she cannot do so.
> Accordingly, Plaintiff's wrongful discharge
> claim is construed as a § 301 claim and will
> be dismissed without prejudice. If Plaintiff
> wishes to proceed on a § 301 claim, she must
> file an amended complaint setting forth
> appropriate allegations within twenty-one
> (21) days.

*Id.* at 845-46; *see also Van Lier v. Unisys Corp.,* 142 F.Supp.3d 477, 487 (E.D. Va. 2015) ("Because there is complete preemption—not just conflict preemption—plaintiff[']s complaint is properly dismissed without prejudice so that plaintiff can amend her complaint to assert a claim under ERISA's civil enforcement provisions."). There is not enough information on the face of the complaint to move forward with an ERISA claim. While the court construes a *pro se* litigant's pleadings leniently, Plaintiff makes legal conclusions and only provides scarce facts that "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Plaintiff asserts that Defendant owes her $30,000 and that "the insurance refused to reimburse [her] the money that was deducted from [her] paycheck." (ECF No. 4, at 1). Plaintiff has not provided any information about why the money would be owed to Plaintiff, how she arrived at the $30,000 figure, or why the money was deducted from her paycheck in the first place. Plaintiff simply has not provided enough information to state a claim. That being said, "it is not clear that she cannot do so." *Verbal*, 204 F.Supp.3d at 845.

Accordingly, the court will dismiss the complaint without prejudice and allow Plaintiff leave to file an amended complaint.

To address the procedural problems with the case opening and the viability of an ERISA claim, Plaintiff has twenty-one (21) days from the date of this opinion to amend her complaint if she wishes to proceed with an ERISA claim. Plaintiff is reminded that any amended complaint must properly name the defendant – Continental American Insurance Company – and follow the requirements for service provided in Fed.R.Civ.P. 4(h). Because Plaintiff's current complaint is being dismissed, Defendant's motion under Fed.R.Civ.P. 39(a) to strike Plaintiff's request for a jury trial is denied as moot.

## III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be denied, and its motion to strike Plaintiff's request for a jury trial will be denied as moot. The complaint will be dismissed without prejudice, and Plaintiff will be given an opportunity to file an amended complaint. A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

15